IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Bailey PVS Oxide (Delta) LLC, et al.,        Case No. 3:02CV7363

      Plaintiff

   v.                                            ORDER

Plas-Tank Industries, Inc.,

      Defendant

      This is a diversity subrogation case arising from the collapse of a fiberglass reinforced storage tank at a facility operated by Bailey PVS Oxide LLC in Delta, Ohio. Shortly before the collapse, the defendant Plas-Tank Industries, Inc. had repaired a leak in the tank. Plaintiff clams that the repair was not done properly, and the improper repair caused the tank's collapse and a resulting discharge of several thousand gallons of hydrochloric acid.

      The gravamen of plaintiff's complaint is that the defendant breached an implied warranty that it would perform the repair in a workmanlike manner.

      Pending is the plaintiff's motion (Doc. 276) to reconsider a ruling entered on January 20, 2004. In that ruling, I stated that plaintiff's claim of improper repair sounded in tort, rather than in contract. (Doc. 95 (citing *Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376 (1982) (Syllabus, ¶ 1)). In

addition, I granted summary judgment to the defendant on plaintiff's claim of negligent misrepresentation. Plaintiff seeks reconsideration of the dismissal of that claim.

## Discussion

The defendant argues that plaintiff's motion is untimely and without merit.

The defendant's complaint of untimeliness has much merit: plaintiff filed its motion to reconsider on May 31, 2005, more than sixteen months after the order now being challenged, and a week before trial is scheduled to begin.

Plaintiff gives no explanation for its dilatoriness.

Nonetheless, I have undertaken to examine the merits of the plaintiff's motion.

### A. Contract or Tort?

In its motion for reconsideration, the plaintiff argues that the ruling that its claim for improper repair sounded in tort was erroneous. The plaintiff points out that the Ohio Supreme Court held in *Kishmarton v. William Bailey Constr., Inc.*, 93 Ohio St.3d 226 (2001) (Syllabus, ¶ 1), that an action for improper performance of a contract for future construction of a home sounds in contract, not tort.[1]

---

[1] Plaintiff asserts that the determination that its claim for improper repair sounded in tort was made *sua sponte*, without the issue having been raised by the parties. I note that defendant's motion for summary judgment treated the case as one sounding in tort (Doc. 71, *passim*) and plaintiff's brief contended, in the alternative, that it could recover under either a contract or a tort theory. (Doc. 90, at 19-21) (claim of entitlement to recover intangible economic losses on basis of tort law).

The parties thus raised, at least indirectly, the issue of whether plaintiff's complaint sounded in contract or tort. To the extent that plaintiff disagreed with the determination that its claim was contractual, it should have raised its objection in a far more timely manner.

2

On examination of *Kishmarton*, I am persuaded that plaintiff is correct that: 1) contracts for future services include an implied warranty that the services will be performed in a workmanlike manner; and 2) where that warranty is breached, recovery must be had in contract, not in tort.

To be sure, *Kishmarton* involved a written contract; here the contract was oral. That does not matter. Except as may be limited by a shorter limitations period, O.R.C. § 2305.07, or the statute of frauds, O.R.C. § 1334.05, oral agreements are as enforceable as written agreements. *See, e.g.*, *Kostelnik v. Helper*, 96 Ohio St.3d 1, 3 (2002).

Defendant contends that *Kishmarton* does not cover contracts, such as the contract at issue in this case, for repair of an existing structure (as opposed to construction of a new structure, as in *Kishmarton*). I disagree. *See Burton v. Elsea, Inc.*, 1999 WL 1285874, *11 (Ohio App. Dec. 27, 1999) (treating claim for failure to repair in a workmanlike manner as one arising under contract).

I can see no principled basis for distinguishing between a contract for new construction and one for repair of an existing structure. As to both there should be, and, in my view, is an implied warranty of workmanlike performance. The one being governed by contract principles, rather than tort doctrines, following a breach, the other should be as well.

Thus, on the merits, plaintiff is correct: its claim is one in contract, not tort. As a result, defendant cannot assert tort-based defenses, such as contributory negligence and assumption of the risk.

Defendant will, however, be permitted, to the extent not otherwise limited by other rulings in this case (i.e., the ruling excluding affirmative testimony on causation by its expert witness), to impeach the plaintiff's proof as to causation. To that end, defendant's expert may testify about the defects in the

plaintiff's expert's analysis. In addition, defendant may offer proof that the collapse of the tank was caused by circumstances other than the work that it did, or failed to do, in undertaking to repair the tank.

This ruling is being made, literally, on the eve of the start of this oft-continued case. Plaintiff's unexplained delay in seeking reconsideration places this Court in an untenable situation: I can either ignore the merits of plaintiff's argument (and the consequences of the Ohio Supreme Court's ruling in *Kishmarton*) and thus make reversal likely, or I can, as I have, acknowledge the merits of plaintiff's argument, and proceed on the basis of a correct application of the applicable law..

### B. Negligent Misrepresentation

In my January 20, 2004, ruling that plaintiff asks me to reconsider, I held that plaintiff had not shown sufficient evidence to allow it to go forward on its claim of negligent misrepresentation. In presently seeking reinstatement of that claim, plaintiff argues that subsequently developed evidence shows that the defendant falsely represented that the tank had been repaired when, in fact, it had not been repaired.

The elements of a claim of negligent misrepresentation are: 1) one who, in the course of his or her business, profession, or employment, or in any other transaction in which he or she has a pecuniary interest; 2) supplies false information for the guidance of others in their business transactions; 3) is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information; and 4) if he or she fails to exercise reasonable care or competence in obtaining or communicating the information. *Delman v. Cleveland Heights*, 41 Ohio St.3d 1, 4 (1989).

The statement attributed to the defendant's employee that the tank had been repaired might be actionable if the tank, in fact, had not been repaired. *See Merrill v. William E. Ward Ins.,* 87 Ohio App.3d 583, 590 (1993) ("'[a] representation made with an honest belief in its truth may still be negligent,

4

because of lack of reasonable care in ascertaining the facts, or in the manner of expression, or absence of the skill and competence required by a particular business or profession.'") (quoting Prosser & Keeton, Law of Torts 745, § 107.I (5th ed.1984)).

The effect of granting the motion to reconsider is the same in this instance as granting leave to amend: a new claim is added to the case. So I look to cases involving motions for leave to amend under Fed. R. Civ. P. 15(a) for guidance.

Under that rule, leave to amend "shall be freely given when justice so requires." Delay alone is not a sufficient basis for denying leave to amend. *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973). In addition to delay (and the extent to which the delay was explainable or justified), a court is to consider "lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Id.*

The defendant has not addressed these additional factors, though prejudice would appear to be likely in view of the imminence of the trial. I will withhold ruling on this aspect of plaintiff's motion for reconsideration pending further discussion with counsel.

## Conclusion

In light of the foregoing, it is

ORDERED THAT

1. Plaintiff's motion for reconsideration be, and the same hereby is granted with regard to the court's statement of the underlying nature of plaintiff's claim (i.e., contract, rather than tort); and

2. Adjudication of plaintiff's motion for reconsideration of the dismissal of its claim for negligent misrepresentation be, and the same hereby is held in abeyance.

So ordered.

                                                                 /s/James G. Carr  
                                                                  James G. Carr  
                                                                  Chief Judge